# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOWELL A. BAISDEN,<br><br>             Plaintiff,<br><br>     v.<br><br>PATTI BOWERS, et al.,<br><br>             Defendants. | Case No.  1:16-cv-00641-LJO-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING ACTION FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 1)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

Currently before the Court is Plaintiff Lowell A. Baisden complaint filed on May 9, 2016.  (ECF No. 1.)

**I.**

**SCREENING REQUIREMENT**

Pursuant to 28 U.S.C. § 1915(e)(2), the Court must dismiss a case if at any time the Court determines that the complaint fails to state a claim upon which relief may be granted.  In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

1

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678.

## II.
## COMPLAINT ALLEGATIONS

Plaintiff Lowell A. Baisden brings this action against the California Board of Accountancy ("CBA"), Evan J. Geilenkirchen, and Jane M. Geilenkirchen ("the Geilenkirchen defendants") seeking monetary damages for state law claims of negligence, gross negligence, defamation per se, negligent infliction of prospective economic relations, abuse of process, and negligent infliction of emotional distress for the revocation of his Certified Public Accountant ("CPA") license. Plaintiff asserts federal court jurisdiction based upon diversity of citizenship.

Plaintiff received his CPA license on December 1, 1978 and practiced in Bakersfield, California from 1978 through 2007. (Compl. ¶¶ B3, C1.) During his 28 years of practice, Plaintiff had no complaints filed against his license. (Compl. ¶ C3.)

On April 27, 2006, the Geilenkirchen defendants contacted the CBA and filed a complaint against Plaintiff's CPA license about an income tax return Plaintiff had prepared for their loan-out corporation. (Compl. ¶ B5, C4.) CBA investigator Diane Coffman performed an investigation. (Compl. ¶ B4.)

On February 7, 2007, CBA filed an accusation against Plaintiff based on the Geilenkirchen defendants' complaint. (Compl. ¶ C5.) A May 7, 2007, IRS account transcript for the 2002 tax return prepared by Plaintiff did not show any type of fraud penalty. (Compl. ¶ C. 14.) In July 2007 and September 2007 hearings were held on the accusations filed by the Geilenkirchen defendants. (Compl. ¶ B5.) During the July hearing, Diane Coffman admitted that she had "never prepared a tax return for a stranger" and was "not a tax expert." (Compl. ¶¶

C6, C7.) Plaintiff contends that Coffman was at least negligent for failing to obtain the auditor's time record and IRS tax account transcript. (Compl. ¶ C 15.) On November 26, 2007, the CBA issued a decision revoking Plaintiff's CPA license. (Compl. ¶ C8.) Sometime after December 26, 2007, CBA posted on their website the following:

> For tax year 2002, Mr. Baisden provided the clients, Mr. and Mrs. G, with false tax advice, created a sham corporation, and prepared fraudulent tax returns.
>
> As a result of Mr. Baisden's actions, Mr. and Mrs. G's 2002 tax returns were subject to an Internal Revenue Service (IRS) audit. Mr. Baisden failed to cooperate with the IRS in representing Mr. and Mr. G in the audit. Mr. and Mrs. G suffered significant financial harm in attorney fees for defending themselves in the IRS audit.
>
> Mr. Baisden failed to prepare and file Mr. and Mrs. G's 2003 and 2004 tax returns. Mr. Baisden's actions caused Mr. and Mrs. G financial harm. In addition to the monthly fees they had already paid Mr. Baisden for this service, Mr. and Mrs. G were forced to pay another CPA to complete their returns.

(Compl. ¶ C9.)

By 2008, Mr. Baisden lost his ability to maintain his client base of income and the value of said client base. (Compl. ¶ C10.)

On February 18, 2015, Plaintiff filed a complaint against the Geilenkirchen defendants to vacate a judgment that they had obtained against him for the fees they paid to him and another CPA. (Compl. ¶ C11.) On November 2, 2015, the Geilenkirchen defendants sent a discovery response which included documents allegedly showing that they were negligent in their complaint and testimony to the CBA against Plaintiff. (Compl. ¶ C12.) The discovery response stated that the Geilenkirchens told Plaintiff that since they had been charged with civil fraud they could not allow him to do their 2003 and 2004 taxes. (Compl. ¶ C13.)

### III.

### DISCUSSION

Plaintiff concedes that the statute of limitations for his claims would be January 8, 2009, but contends that he is not precluded from filing this action because he was unaware of the facts that his harm was caused by the wrongful conduct of Defendants CBA and the Geilenkirchens. (Compl. ¶ D1.) "Where a plaintiff raises a defense that would defeat the action, the complaint fails to state a claim on which relief may be granted." Franklin v. Murphy, 745 F.2d 1221, 1228

1  (9th Cir. 1984); see also Belanus v. Clark, 796 F.3d 1021 (9th Cir. 2015) (affirming district court
2  dismissal at screening on statute of limitations grounds for failure to state a claim).

3      "[U]nder federal law, a claim accrues "when the plaintiff knows or has reason to know of
4  the injury which is the basis of the action." Lukovsky v. City and County of San Francisco, 535
5  F.3d 1044, 1048 (9th Cir. 2008) (quoting Two Rivers v. Lewis, 174 F.3d 987, 991 (9th Cir.
6  1999)); Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999). Under California law a claim
7  accrues and the statute of limitations begins to run when the wrongful act is done and the
8  obligation or liability arises. Howard Jarvis Taxpayers Ass'n v. City of La Habra, 25 Cal.4th
9  809, 815 (2001), as modified (July 18, 2001). This is when the cause of action is complete in all
10 its elements. Norgart v. Upjohn Co., 21 Cal.4th 383, 397 (1999). California's statute of
11 limitations for the claims asserted this action would be one or two years. Cal. Code Civ. Proc. §§
12 339, 340.

13     Plaintiff was aware that the Geilenkirchen defendants had filed a complaint against him
14 that resulted in the revocation of his license at the time his license was revoked. While Plaintiff
15 argues that he was unaware of the Geilenkirchen defendants statement to the CBA that they told
16 Plaintiff they did not want him to prepare their 2003 and 2004 taxes and that there was no fraud
17 penalty for the 2002 tax return, he had the factual basis for his claim at the time that his license
18 was revoked. Norgart, 21 Cal.4th at 390. "[U]nder California law, a plaintiff 'need not be aware
19 of the specific 'facts' necessary to establish the claim' in order for a cause of action to accrue."
20 Soliman, 311 F.3d at 971 (quoting Jolly v. Eli Lilly & Co., 44 Cal.3d 1103, 1111 (1988)). Nor
21 does the plaintiff need to be aware of a particular legal theory to support the claim. Soliman, 311
22 F.3d at 971. A plaintiff's claim accrues when he at least suspects that someone has done some
23 wrong to him. Soliman, 311 F.3d at 971 (quoting Jolly, 44 Cal.3d at 1103). Once a plaintiff is
24 aware that he has been injured the statute of limitations begins to run. Soliman, 311 F.3d at 972.
25 At this time, he cannot sit and wait for the facts to find him, but must go find them for himself if
26 he can and file suit. Norgart, 21 Cal.4th at 398.

27     Plaintiff alleges that the revocation of his license was effective on January 8, 2008. (See
28 also Compl. at p. 50-51.) At this time the claims asserted in this action would have accrued and

the statute of limitations would begin to run. Therefore, all the claims raised in this action would have to be brought before January 8, 2010. Plaintiff did not file this action until May 9, 2016, more than six years after the statute of limitations had run on the claims brought herein. Accordingly, the Court finds that Plaintiff fails to state a cognizable claim based upon the revocation of his CPA license.

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). Rule 15(a) is very liberal and leave to amend "shall be freely given when justice so requires." " Amerisource Bergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." Id. In this instance, the Court finds that amendment of the complaint would be futile as Plaintiff's claims are barred by the statute of limitations. Accordingly, the Court recommends that the complaint be dismissed without leave to amend.

## IV.

## CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's complaint be dismissed without leave to amend for failure to state a claim; and

2. The Clerk of the Court be directed to close this matter.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within thirty (30) days of service of this recommendation, Plaintiff may file written objections to these findings and recommendations with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).

1 | Plaintiff is advised that failure to file objections within the specified time may result in the
2 | waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing
3 | <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 10, 2016**

UNITED STATES MAGISTRATE JUDGE